UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDWINA BOUDREAUX and NIKITA BOUDREAUX, individually and on behalf of others similarly situated | * * * * | CIVIL ACTION NO: _____ MAGISTRATE: |
| VERSUS | * * * | JUDGE: |
| A PLUS PERSONAL HOME CARE, INC. and VALENCIA F. MAGEE | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT – COLLECTIVE ACTION**

Plaintiffs, Edwina Boudreaux and Nikita Boudreaux, individually and on behalf of all other similarly situated current and former employees of Defendants, A Plus Personal Home Care Inc., and Valencia F. MaGee, brings this Collective Action and allege as follows:

### I. OVERVIEW

1. Plaintiffs bring this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA as a collective action individually and on behalf of all current or former healthcare workers employed by Defendants during the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II. PARTIES

2. Plaintiff Edwina Boudreaux is a major, individual, domiciled in Geismar, Louisiana, who was employed by Defendant as a home healthcare worker from approximately June, 2021 to August, 2022. Plaintiff has consented to filing this action. (Plaintiff's Consent form is attached as Exhibit "A".)

3. Plaintiff Nikita Boudreaux is a major, individual, domiciled in Sunshine, Louisiana, who was employed by Defendant as a home healthcare worker from approximately November, 2020 to April, 2021. Plaintiff has consented to filing this action. (Plaintiff's Consent form is attached as Exhibit "B".)

4. Defendant A Plus Personal Home Care, Inc is a Louisiana corporation with its principal place of business located 520 N. Alexander, Gonzales, Louisiana, 70737 and may be served through its registered agent, Valencia F. MaGee, at the same address.

5. Defendant Valencia F. MaGee (hereinafter referred to as "MaGee") is a major individual domiciled in Geismar, Louisiana who may be served at 520 N. Alexander, Gonzales, Louisiana, 70737.

### III. JURISDICTION AND VENUE

6. This case raises a federal question under 29 U.S.C. §216(b) giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

7. Venue is proper in this District as Defendants are domiciled and conduct business in the Middle District of Louisiana and a substantial part of the events giving rise to the claims asserted herein occurred within this District.

### IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendants are and have been employers within the meaning of 29 U.S.C. §203(d).

9. At all relevant times, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

10. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

11. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all relevant times, Plaintiffs and the Collective Members, as defined below, are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

13. Defendants, Plaintiffs and the Collective Members used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

14. Further, 29 U.S.C. §207(l) enumerates domestic service workers which, pursuant to 29 C.F.R. §552.3, includes home health aides like Plaintiffs and the Collective Members, as entitled to individual FLSA coverage, as such employment affects interstate commerce. 29 U.S.C. §202(a).

## V.     FACTS

15. Plaintiffs and the Collective Members were employed by Defendants as health care workers who provided companionship services for Defendants' elderly, ill or disabled clients at various locations, including the patients' homes.

16. Plaintiffs and the Collective Members were paid on an hourly basis and were not exempt from the overtime requirements of the FLSA.

17. Plaintiffs and the Collective Members did not perform any job duties or functions that qualified for an exemption from the overtime requirements of the FLSA.

3

18. Plaintiffs' hours varied from week to week during their employment by Defendants, but they and the Collective Members regularly worked more than forty (40) hours in a workweek.

19. For example, for the two-week pay period of October 24, 2021 through November 06, 2021, Plaintiff Edwina Boudreaux worked ninety (90) hours and was paid straight time only for all hours worked. Plaintiff Edwina Boudreaux was not paid an overtime premium for any hours over forty (40) in either week.

20. For further example, for the two-week pay period of December 5, 2021 to December 18, 2021, Plaintiff Edwina Boudreaux worked ninety-four (94) hours and was paid straight time only for all hours worked. Plaintiff Edwina Boudreaux was not paid an overtime premium for any hours over forty (40) in either week.

21. As a final example, for the two-week pay period of March 28, 2021 through April 10, 2021, Plaintiff Nikita Boudreaux worked 42.36 hours and was paid straight time only for all hours worked. Plaintiff Nikita Boudreaux was not paid an overtime premium for any hours over forty (40) in either week.

22. The Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

23. Plaintiffs and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks worked.

24. Plaintiffs believe that other current and former employees of Defendants who are and were subject to the same payroll practice would join this collective action if they received notice advising them of the existence of this lawsuit and their right to join.

25. Defendants have violated, and are violating the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its home healthcare workers like Plaintiffs and the Collective Members overtime and for all time spent working.

26. Defendants knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiffs and the Collective Members overtime compensation for all hours worked over forty (40) over the past three (3) years.

### VI.  FLSA VIOLATIONS AND COLLECTIVE ACTION ALLEGATIONS

27. The Collective for which judicial notice is sought pursuant to 29 U.S.C. §216(b) is defined as:

> All home healthcare workers employed by A Plus Personal Home Care, Inc. and/or Valencia F. MaGee who were not paid overtime wages for all hours worked over forty (40) in a workweek within the last three (3) years.

28. Defendants' practice and policy of not paying overtime affects Plaintiffs and the Collective Members similarly and is a willful violation of the FLSA.

29. The Collective Members are all victims of Defendants' unlawful compensation practices and uniform misclassification as independent contractors and are similarly situated to Plaintiffs in terms of job duties, pay and employment practices.

30. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the Collective Members are similarly situated employees.

31. Plaintiffs and the Collective Members all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

32. The specific job titles or precise job requirements of the Collective Members does not prevent proceeding collectively. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

33. Whether Defendants violated the FLSA by failing to pay Plaintiffs and the Collective Members all wages due and overtime is a threshold legal issue which can be determined using representative testimony in a collective action.

34. Plaintiffs and the Collective Members are entitled to recover their unpaid wages, overtime compensation, liquidated damages, attorneys' fees, costs and interest.

### VIII. JOINT EMPLOYER ALLEGATIONS

35. At all times pertinent hereto, specifically including the collective period, Defendant MaGee was an owner, manager and/or executive officer of A Plus Personal Home Care, Inc.

36. Defendant MaGee exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiffs and the Collective Members work including, but not limited to, assigning work, hiring and firing employees and classification of employees for purposes of the FLSA.

37. Defendant MaGee is or was solely responsible for the administration of the business affairs of A Plus Personal Home Care, Inc. and exercised complete control over the work situation and conditions of its employees, including Plaintiffs and the Collective Members.

38. Defendant MaGee was solely responsible for the payroll practices complained of herein.

39. Defendant MaGee was vested with authority to, and actually acted directly or indirectly for, and had operational control over A Plus Personal Home Care, Inc.'s business activities including managerial responsibilities for all aspects of operations and its employees.

40. Accordingly, Defendant MaGee is an "employer" under the FLSA and, as such, is jointly and severally liable for damages for her failure to comply with the FLSA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated Collective Members, prays for judgment in her favor and against Defendants as follows:

1. For an Order authorizing preliminary discovery on the issue of whether Plaintiffs and the Collective Members are similarly situated under the FLSA;

2. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

3. For Judgment in favor of Plaintiffs and the Collective Members and against Defendants for unpaid back wages and overtime due to Plaintiffs and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

4. For an award of costs of this action as provided under the FLSA;

5. For an award of attorneys' fees as provided under the FLSA;

6. For an award of pre- and post-judgment interest; and

7. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

Respectfully Submitted:

By: /s/ Philip Bohrer
    Philip Bohrer (LA Bar # 14089)
    *phil@bohrerbrady.com*
    Scott E. Brady (LA Bar # 24976)
    *scott@bohrerbrady.com*
    BOHRER BRADY, LLC
    8712 Jefferson Highway, Suite B
    Baton Rouge, Louisiana   70809
    Telephone: (225) 925-5297
    Facsimile: (225) 231-7000